Filed 4/1/15  P. v. Moore CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B259612 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. TA131926) |
| CHARLES EDWARD MOORE, | |
| Defendant and Appellant. | |

 

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura R. Walton, Judge.  Affirmed.

Alan E. Spears, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Charles Edward Moore appeals from the judgment entered following his conviction by jury for assault with a deadly weapon, having suffered two prior felony convictions, two prior serious felony convictions, and a prior conviction for which he served a separate prison term. (Pen. Code, §§ 245, subd. (a)(1), 667, subds. (a) & (d), 667.5, subd. (b).) The court sentenced appellant to prison for 18 years. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts of the Present Offense.*

   a. *People's Evidence.*

About 11:00 a.m. on February 1, 2014, Isaac Hernandez-Arevalo, a volunteer tutor, was seated at a table in a Compton public library where he was tutoring boys. Appellant, seated at a table in front of Hernandez-Arevalo, made remarks. Appellant later moved to the table behind Hernandez-Arevalo.

About two to four minutes later, appellant, using a metal frame chair with a thick plastic seat, struck Hernandez-Arevalo's back three times, breaking the chair. The blows were hard, they struck Hernandez-Arevalo's right shoulder blade and the lower part of his head, and the blows hurt. During cross-examination, Hernandez-Arevalo testified the blows primarily hit his shoulder area, at the top of the neck. During redirect examination, he testified the chair indirectly struck a portion of his head. Hernandez-Arevalo's testimony appellant struck him with the chair was corroborated by two eyewitnesses, i.e., a library patron and one of the boys Hernandez-Arevalo was tutoring.

After appellant struck Hernandez-Arevalo, he stood and saw appellant. Hernandez-Arevalo stumbled. Appellant took off his shirt. At some point appellant broke another chair elsewhere in the library. Hernandez-Arevalo moved the boys away from the area, told student directors what had happened, and everyone moved into a multi-purpose room and locked it. The librarian called the police. Appellant was still in the library when police arrested him.

Hernandez-Arevalo was not cut or bleeding as a result of the blows. However, about an hour after the blows, Hernandez-Arevalo's right shoulder blade hurt and was bruised, and he went to the hospital. The bruising lasted a few days. Except for the bruising, Hernandez-Arevalo was all right.

b. *Defense Evidence.*

In defense, Los Angeles Police Officer Brett Beckstrom testified as follows. About 11:00 a.m. on February 1, 2014, Beckstrom went to the library and appellant was arrested. Beckstrom looked at Hernandez-Arevalo's shoulder but saw no redness or injury. Officers arrested appellant for assault with a deadly weapon because appellant struck Hernandez-Arevalo with a large chair, and if it had hit Hernandez-Arevalo's head or anywhere else, serious bodily injury or death was possible.

2. *Procedural History.*

Based on the above incident, the information alleged appellant committed assault with a deadly weapon. The information also alleged the previously mentioned prior convictions. The court instructed the jury on simple assault as a lesser-included offense of assault with a deadly weapon. During jury argument, appellant's counsel conceded the sole issue was what kind of assault appellant committed. Appellant's counsel argued appellant was guilty only of simple assault. On September 9, 2014, the jury convicted appellant as previously indicated.

On September 10, 2014, appellant had a jury trial on the prior conviction allegations. Evidence established appellant suffered a 1996 conviction for assault with a deadly weapon (case No. 96F08454), and a 2006 conviction for second degree robbery (case No. NA063191). In said robbery case, the trial court sentenced appellant to prison for two years and appellant ultimately was released on parole in October 2009. The court in the present case took judicial notice the present offense occurred on February 1, 2014, and appellant was convicted therefor on September 9, 2014. On the basis of the above proof, the jury found that appellant suffered the prior convictions for assault with a deadly weapon, and robbery, and that appellant served a separate prison term for the robbery.

3

At the October 9, 2014, sentencing hearing in the present case, the court struck the 1996 conviction for assault with a deadly weapon as a strike. The court sentenced appellant to prison for a total of 18 years, consisting of eight years for the present offense (the four-year upper term, doubled for the 2006 strike pursuant to the "Three Strikes" law), plus two five-year Penal Code section 667, subdivision (a) enhancements. The court struck the Penal Code section 667.5, subdivision (b) enhancement. The court awarded appellant 562 days of presentence credit and imposed various fines, fees, and DNA testing. On October 10, 2014, appellant filed a notice of appeal.

### *CONTENTIONS*

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record.

By notice filed February 17, 2015, the clerk of this court advised appellant to submit within 30 days any contentions, grounds of appeal, or arguments he wished this court to consider. In a supplemental letter filed February 25, 2015, appellant asserts he did not receive a fair trial because his trial counsel conceded before the jury that appellant was guilty of assault. Appellant also asserts he was told "they [cannot] use my strike against me of 5 year [period] of time." (*Sic*.) In a letter filed February 26, 2015, appellant asserts his trial counsel told the jury appellant was guilty; therefore, appellant's trial counsel made appellant a suspect in the crime.

However, as to the concession of appellant's trial counsel that appellant was guilty of assault, appellant's trial counsel reasonably could have concluded based on the multiple witnesses who testified appellant struck Hernandez-Arevalo with the chair that it was a foregone conclusion the jury would convict appellant of assault. Appellant's trial counsel therefore also reasonably could have concluded he could best serve appellant by seeking a conviction for simple assault, a misdemeanor, instead of allowing the jury to convict appellant of assault with a deadly weapon, a felony. Appellant's trial counsel's argument appellant committed only a lesser-included offense was not akin to pleading guilty and good trial tactics demanded candor with the jury. (*Cf. People v. Ratliff* (1986)

4

41 Cal.3d 675, 697; *People v. Jackson* (1980) 28 Cal.3d 264, 293.) To the extent appellant suggests he received ineffective assistance of counsel, he did not. (See *People v. Ledesma* (1987) 43 Cal.3d 171, 216-217.)

As to appellant's assertion about his strike, the trial court, when sentencing appellant, relied upon only one of his strikes, i.e., only one of the prior felony convictions (the 2006 robbery conviction) under the Three Strikes law. The court struck the other strike (the 1996 conviction for assault with a deadly weapon) in the interest of justice.

To the extent appellant claims the trial court could not rely upon the 2006 robbery conviction as a strike once five years had passed from the time of that conviction, we reject the claim. Penal Code section 667, subdivision (c)(3) of the Three Strikes law states, "The length of time between the prior serious and/or violent felony conviction and the current felony conviction shall not affect the imposition of sentence." The Three Strikes law has no five-year washout period for a strike.

To the extent appellant claims the trial court could not rely upon the 2006 robbery conviction to impose a Penal Code section 667.5, subdivision (b) enhancement, we reject the claim. Penal Code section 667.5, subdivision (b) has a five-year washout period. It provides that for a five-year period following a prison term, the defendant must remain "free of both the commission of an offense which results in a felony conviction, and prison custody." (Pen. Code, § 667.5, subd. (b).) In appellant's robbery case (case No. NA063191), appellant served a prison term, and was released on parole in October 2009. Five years after October 2009 expired in October 2014. However, during that five-year period, appellant committed the present February 2014 offense, the jury convicted him of that offense, a felony, and, based on that conviction, the court sentenced appellant to prison in October 2014. As a result, appellant did not satisfy the requirements of the washout period. In any event, the trial court did not impose the Penal Code section 667.5, subdivision (b) enhancement but struck it.

*REVIEW ON APPEAL*

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

*DISPOSITION*

The judgment is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



KITCHING, Acting P. J.

We concur:



ALDRICH, J.



EGERTON, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.